IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-00165-01-CR-W-DW |
| | ) | |
| JOEL D. WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM: MOTION AND**
**SUGGESTIONS SUPPORTING DOWNWARD VARIANCE**

COMES NOW the defendant, Joel D. White, by counsel, Travis D. Poindexter, Asst. Federal Defender, in accordance with Rule 32, Fed. R. Crim. P., and hereby submits the following for the Court's consideration at sentencing:

**BRIEF HISTORY**

Between May of 2012 and March of 2013, Mr. White placed a video camera in a room of his home that surreptitiously captured video of minor girls dressing and undressing. On one occasion, Mr. White touched the breast of one of the minor girls with his hand and mouth while she slept. There was no evidence to suggest the videos were ever transferred or distributed.

On July 30, 2014, Mr. White entered pleas of guilty to three counts of attempted production of child pornography. This offense carries a mandatory minimum sentence of 15 years of imprisonment by statute and the U.S. Sentencing Guidelines recommend an advisory sentencing range of life imprisonment. The statutory maximum sentence, however, is 30 years for each count.

Mr. White submits that such a sentence is unreasonable based upon the facts of this case

and that a downward variance to the mandatory minimum 15 years on each count running concurrently is appropriate and warranted in this case.

## SUGGESTIONS SUPPORTING DOWNWARD VARIANCE

Prior to imposing sentence, the Court is to consider several factors related to the offense and individual offender. Among those factors, 18 U.S.C. § 3553(a) outlines the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)).

The advisory sentencing guidelines are a factor for the Court to consider but a district court may not begin with the presumption that those guidelines are reasonable. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(*citing United States v. Gall*, 128 S.Ct. 586, 596-597 (2007) and *United States v. Rita*, 127 S.Ct. 2456 (2007)).

**History and Characteristics of Joel White**

Mr. White is 42 years old and has lived most of his between the Kansas City metropolitan area and Omaha, Nebraska. Mr. White's parents divorced when he was five years old and he primarily lived with his mother. His father abused alcohol and drugs and Mr. White frequently observed him intoxicated. As a child, Mr. White's father also exposed him to adult pornographic material. During this time, Mr. White was also forced to commit sexual acts with older children.

Although his mother remarried on a couple of occasions, the men involved also had substance abuse problems and Mr. White was subjected to both verbal and physical abuse from these men.

2

When he was fifteen, Mr. White began residing at the Omaha Home for Boys and attended a local high school near the Boy's Home. Mr. White graduated from Benson High School in 1991 and has some limited college attendance. In 1998 he returned to the Kansas City area and has remained in the metropolitan area since that time.

After working approximately four years as a mobile disc jockey and manager at Complete Music in Overland Park, Kansas, Mr. White started his own business, Adida Entertainment. Mr. White would provide DJ and photography services for weddings, parties, dances, and reunions at both public and private events. He successfully ran this business from 2003 until his arrest in April of 2013.

**Nature and Circumstances of the Offense**

Mr. White has a 14-year-old daughter and shared joint legal custody with his daughters' mother until the offense in this case. At that time, Mr. White's daughter was 11-12 years old. Mr. White was actively involved in her life and activities. As a child and teen, Mr. White used soccer as an outlet from the otherwise, erratic and tumultuous problems he encountered in his home life. He shared this enthusiasm with his daughter and began as an assistant youth soccer coach for his daughter's teams. He eventually took over as head coach built relationships with many of the player's and their families. Mr. White often hosted activities at his home for his daughter and her friends.

Mr. White reported that his daughter had indicated that she believed one of her friends was stealing from her. Unbeknownst to his daughter, Mr. White hid a video camera in his daughters' room. The camera then recorded images of various young girls undressing and dressing. Instead of destroying what he observed or reporting it to authorities Mr. White saved the recordings and continued to make recordings for a period of time.

3

As a result of Mr. White's business, which involved camera's, video and music equipment, he possessed a significant amount of digital media. During a search of his home, a significant amount of electronic media and storage devices were recovered and examined. The investigation revealed that no other illegal images or contraband was found. Additionally, there was no evidence that Mr. White distributed the videos involving the minor's to any other person. There was also no indication that Mr. White made "backup" copies of the videos or stored the videos in another location.

**Seriousness of the Offense**

The sentence imposed should also reflect the seriousness of the offense. As noted above, this case does not involve the creation of thousands, hundreds, or even dozens of images. There are only a few items that are questionable or illegal. There was also no indication that Mr. White had ever "wiped" his computers clean or used any special software to prevent authorities from searching his computers or computer history.

**Promote Respect for the Law, Deterrence & Protection of the Public**

Mr. White understands that his violation of the law was significant and is aware of the substantial punishment that the offense carries, up to 30 years of imprisonment for each count. At the time of his arrest for these offenses, Mr. White cooperated with investigators and voluntarily provided a statement in which he fully accepted responsibility for his conduct. He also voluntarily provided pass codes, which allowed agents to access items that would have otherwise been immediately inaccessible.

Recognizing the severe consequences that he faced, Mr. White accepted responsibility for his conduct and pleaded guilty. By pleading guilty Mr. White knew that he could at least limit the trauma of this experience to each of the minor's whose privacy and trust he had

4

violated. His actions in this regard demonstrate that he respects the law.

The mandatory minimum 15 years of imprisonment would also satisfy the deterrence factor. A mandatory minimum sentence would also serve as a significant public deterrence to anyone who my consider engaging in similar conduct.

For the current offense Mr. White has been in continuous custody since his arrest on April 23, 2013. For Mr. White individually, a 15-year sentence means that he will be in custody until his mid to upper 50's before he is eligible for release.[1] Additionally, Mr. White will be under the direct supervision of the Court for a minimum of five years. If he were ever to violate a condition of his release, he would also face an additional five years of imprisonment.

The Sentencing Commission has conducted independent studies regarding recidivism. As to age and the likelihood of reoffending, the commission concluded:

> Recidivism rates decline relatively consistently as age increases. Generally, the younger the offender, the more likely the offender recidivate . . . Among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent. *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, United States Sentencing Commission (May 2004) at page 12.[2]

In this case, the chance of reoffending would be greatly diminished by Mr. White's age. Additionally, the Court should not be overly alarmed by the offense level suggested in the PSR. The Commissions study regarding recidivism found that there is no relationship between the sentencing guideline final offense level and recidivism risk:

> The recidivism rates are essentially the same, regardless of the offender's

---

[1] Mr. White is 42 years old. Barring extraordinary circumstances, he would have to serve at least 85% or 12 ½ years of imprisonment on a 15 year sentence.

[2] The complete study can be found at:

http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_Criminal_History.pdf

5

offense severity under the sentencing table. This relationship is consistent with the principle that the guideline offense level is not designed to predict recidivism, while the criminal history computation is designed to predict recidivism. *Id* at 13.

Mr. White believes that each of these factors suggests that his risk of reoffending would be minimal and that the Court could also impose any number of conditions to ensure that he is conforming his conduct in accordance with the Court's expectations.

## CONCLUSION

Section 3553(a) directs that a Court shall impose a sentence sufficient, but not greater than necessary as well as evaluate the kinds of sentences available. In this instance, the mandatory minimum sentence of 15 years would satisfy that directive.

A review of Mr. White's case in light of the enumerated factors in 18 U.S.C. § 3553(a) demonstrates that the requested sentence is well within the Courts discretion and warranted in this case.

WHEREFORE, Mr. White requests this Court to consider a downward variance from the advisory guidelines and impose a 15-year sentence.

Respectfully submitted,

*/s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

6

## **CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically delivered on the ECF system.

>  */s/ Travis D. Poindexter*
> TRAVIS D. POINDEXTER